IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **IN RE:**<br>ERIC LEINBACH<br>a/k/a ERIC L. LEINBACH<br>a/k/a ERIC LESTER LEINBACH<br>          Debtor<br>JPMORGAN CHASE BANK, N.A.<br>          Movant<br>     v.<br>ERIC LEINBACH<br>a/k/a ERIC L. LEINBACH<br>a/k/a ERIC LESTER LEINBACH<br>and<br>JOHN J. MARTIN, ESQ., TRUSTEE<br>          Respondents | Chapter   7<br><br>Case Number: 5-14-bk-04040-JJT<br><br><br><br>Document No.:  87<br><br><br><br>Nature of<br>Proceeding: Motion of JPMorgan Chase<br>      Bank to Reconsider Order<br>      Denying Motion for Relief |

# OPINION[1]

  Instead of filing a Third Motion for Relief from the Automatic Stay, the Movant, JPMorgan Chase Bank, N.A., opted to file a Motion for Reconsideration of this Court's denial of the Second Motion for Relief from the Automatic Stay under the dictates of Federal Rule of Bankruptcy Procedure 9023 (New Trials; Amendment of Judgments) making Federal Rule of Civil Procedure 59 applicable to cases under the Code.

  In short, Debtor/Respondent questioned the Movant's standing to bring the Motion for Relief from the Automatic Stay at the hearing held on the underlying Motion, and the Movant could produce no evidence to support its standing other than what was proffered in the

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk

[K:\Cathy\Opinions-Orders filed 2015\5-14-bk-04040-JJT_Leinbach.pdf]

Case 5:14-bk-04040-JJT Doc 140 Filed 10/19/15 Entered 10/19/15 16:45:09 Desc
Main Document  Page 1 of 3

underlying Motion. Without any evidence to support the standing of the Movant, the Court denied the Motion for Relief from the Automatic Stay. The only allegation in the Motion to Reconsider is found in paragraph 10 which reads, "[M]ovant respectfully requests reconsideration of the order entered on January 13, 2015 as Movant, through inadvertence or mistake, failed to provide a basis for standing to request relief."

When presented with a Motion for Reconsideration, Judge Mary D. France wrote the following.

> A motion for reconsideration constitutes a motion under Rule 9023 of the Federal Rules of Bankruptcy Procedure. *Prudential Ins. Co. v. Farley (In re Farley)*, 158 B.R. 48, 52 (E.D.Pa.1993). Bankruptcy Rule 9023 provides that "Rule 59 [of the Federal Rules of Civil Procedure] applies in cases under the Code, except as provided in Rule 3008." Fed. R. Bankr.P. 9023. A motion for reconsideration is governed by subsection (e) of Fed. R. Civ. Pro 59(e), which authorizes a party to move to alter or amend a judgment within ten days of its entry. *McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co.*, 817 F.Supp. 538, 541 (M.D.Pa.1993). The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985). Accordingly, a judgment may be altered or amended if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir.1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir.1995)). "'A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant.'" *Ogden v. Keystone Residence*, 226 F.Supp.2d 588, 606 (M.D.Pa.2002) (quoting *Abu-Jamal v. Horn*, 2001 U.S. Dist. LEXIS 20813, No. 99-5089, 2001 WL 1609761, at *9 (E.D.Pa. Dec.18, 2001) (citations and internal quotation marks omitted)). Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment. *McDowell Oil Serv. Inc.*, 817 F.Supp. at 541. Debtor seeks reconsideration stating that the Court erred in dismissing his chapter 13 petition because he is not required to comply with provisions of the Code and Rules applicable only to debtors whose debts primarily are consumer debts as defined in 11 U.S.C. § 101(8). Since Debtor's motion raises issues of statutory

interpretation under BAPCPA not previously addressed by the Court, reconsideration of the Order is appropriate.
*In re Thomas*, Case No. 1-06-bk-00493-MDF (Bankr. M.D.Pa. June 22, 2006).

Unfortunately for the Movant, none of the allegations of the Motion for Reconsideration are those traditionally associated with those a Court should consider when faced with a Motion to Reconsider under Federal Rule of Bankruptcy Procedure 9023. Failure to produce evidence at time of trial through inadvertence or mistake simply does not rise to the level required to compel this Court to grant the Motion for Reconsideration.

It is for the foregoing reasons Movant's Motion for Reconsideration is denied.

My Order will follow.

By the Court,

Date: October 19, 2015

John J. Thomas, Bankruptcy Judge
(CMS)