IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In Re:

**ERIC LESTER LEINBACH**

\* **Debtor**

Chapter: 7

Case Number: **5-14-bk-04040-JJT**

Document No.: **155**

Nature of Proceeding: **First and Final Fee Application of Counsel to Chapter 7 Trustee**

# OPINION[1]

On November 11, 2014, John J. Martin, Trustee in the above-captioned Chapter 7 case filed an Application to appoint himself as counsel for the Chapter 7 Trustee. This application was approved by the Court by Order dated November 19, 2014. No party in interest appealed the November 19, 2014 Order. On March 13, 2017, counsel for the Trustee filed a First and Final Fee Application which was met by objections filed by the Debtor, Eric Lester Leinbach, Esquire. The matter proceeded to hearing at which time the Court took the objections under advisement. For the following reasons, the Court will overrule the objections in their entirety and allow the total request for fees filed by counsel for the Chapter 7 Trustee.

The several objections raised by the Debtor are found at Doc. #157 and can be generally summarized as follows. Permitting compensation for many of the tasks performed by counsel for the Trustee would amount to "double dipping" because counsel requested compensation for services normally performed by the Trustee without the assistance of an attorney. In regard to a general argument that many of the tasks performed by counsel were unreasonable under 11

---

[1] Drafted with the assistance of Richard P. Rogers, Career Law Clerk.

[K:\Cathy\Opinions-Orders filed 2017\5-14-bk-04040-JJT_Leinbach_#155 pdf]

U.S.C. § 330(a)(3)(A), were allegations that the fees charged were not based on the level of skill reasonably required to perform some of the services; the services were not necessary to the administration of the case nor were they beneficial to the estate; and the amount of time expended on each task was unreasonable when viewed in relation to the complexity, importance, and nature of the problem, issue, or task addressed. Additionally, the retention of counsel for the Trustee was "merely a scheme to avoid the proscriptions of 11 U.S.C. 326(a), and to charge two fees and avoid the courts [sic] review of the distribution to parties in interest."

In addition to the general directive of the Third Circuit to review all fee applications, regardless of whether there is an objection thereto, (see *In re Busy Beaver Bldg. Ctrs., Inc.*, 19 F.3d 833 (3rd Cir. 1994)), the Middle District of Pennsylvania has, as guidance to all applicants filing fee applications, Local Bankruptcy Rule 2016, which sets forth the requirements that must be followed when presenting a request for allowance of fees in the Middle District. It is the controlling authority of *Busy Beaver*, in conjunction with the Local Bankruptcy Rule and the requirements of the Bankruptcy Code, which guides this Court's resolution of the objections and its review of the appropriateness of the underlying fee application.

While not raised in the written objections to the fee application found in Doc. #157, the Debtor did argue, at the time of hearing and more particularly in its post-hearing brief, whether the appointment of the Trustee, as his own counsel, was the appointment of a person who was disinterested as required by 11 U.S.C. § 327(a). The Debtor indicates that while the application to appoint counsel referenced that counsel did not hold an interest adverse to the estate, no where did it represent that counsel was disinterested.

This Court shares the Debtor's concern on how problematic it may be for a lawyer to

[K:\Cathy\Opinions-Orders filed 2017\5-14-bk-04040-JJT_Leinbach_#155 pdf]    2

Case 5:14-bk-04040-JJT    Doc 171    Filed 10/20/17    Entered 10/20/17 15:20:24    Desc
Main Document    Page 2 of 6

represent himself while he acts as a Trustee vis-à-vis requests for fees versus trustee commissions. I, like many courts, recognize, however, the permissibility of a trustee hiring himself as a lawyer in a Chapter 7 case. 11 U.S.C. § 327(d).

The Debtor questioned the disinterestedness of counsel during recross examination beginning at page 19 of the Transcript.[2] The Debtor invested a substantial portion his post-hearing brief addressing this issue.

Disinterestedness is defined in the Bankruptcy Code at 11 U.S.C. § 101(14).

> (14) The term "disinterested person" means a person that—
> (A) is not a creditor, an equity security holder, or an insider;
> (B) is not and was not, within 2 years before the date of the filing of the petition, a director, officer, or employee of the debtor; and
> (C) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

The Court recognizes that when a trustee hires him or her self as a professional, a personal interest is added to the administration of the estate. As was stated so succinctly:

> A trustee who hires his own professional firm to assist him cannot be a "disinterested person" who has no interest adverse to the estate. Once the trustee's firm is hired by the estate, the trustee's personal interests are implicated. At that point, the trustee's independence and disinterestedness are compromised by a potential conflict of interest. The trustee may be placed in a position where it would be to his benefit to harm the reorganization or dissolution of the estate. Because "[e]quity tolerates in bankruptcy trustees no interest adverse to the trust," *Mosser*, 341 U.S. at 271, 71 S.Ct. at 682, we hold that a trustee is not permitted to hire his own firm in a non-lawyer or non-accountant capacity. In certain situations, a bankruptcy trustee can hire his own law or accounting firm, but only because those two occupations are specifically exempted by subsection 327(d) of the Bankruptcy Code.

*In re Palm Coast, Matanza Shores Ltd. P'ship*, 101 F.3d 253, 258 (2d Cir. 1996).

---

[2] The disinterestedness of counsel was not raised in the written objections filed at Doc. #157 prior to the hearing.

11 U.S.C. § 327 (Employment of professional persons) at (d) provides that "[t]he court may authorize the trustee to act as attorney or accountant for the estate if such authorization is in the best interest of the estate." The only argument advanced by the Debtor that counsel was not disinterested was the fact that counsel was "100% owner of the Law firm of John Martin, however this fact was never disclosed in Mr. Martin's application for employment." See Debtor's Brief in Opposition at page 3 (Doc. #164). This argument fails particularly in light of the employment provisions expressly found in 11 U.S.C. § 327(d) which permits the Court to authorize a trustee to act as his own attorney for the estate. 3 Collier on Bankruptcy ¶ 327.04[8] (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) at page 327-50, provides that "Section 327(d) specifically permits the court to authorize a trustee to act as attorney or accountant for the estate but requires the court to find that such authorization is in the best interest of the estate. "For § 327(d) to have meaning, it must be viewed as a statutory exception to the general proposition that a trustee may not retain himself as a professional." *Matter of K & L, Inc.*, 205 B.R. 589, 591 (Bankr. D. Neb. 1991). Obviously the relationship between trustee and himself as trustee's attorney deserves special scrutiny.

Any applications for compensation and reimbursement of expenses must clearly distinguish between the trustee's administrative activities and the legal services rendered by the law firm. The November 19, 2014 Order approving the employment of counsel for the Trustee specifically recognized that, with no objection to the appointment, the representation appeared to be in the best interests of the estate. Nothing presented by the Debtor at the time of hearing, nor in the post-hearing brief filed in support of the Debtor's arguments, convinces this Court that the appointment of counsel for the Trustee was not in the best interests of the estate. One of the

specific problems raised when analyzing these types of fee applications is how the applicant separates activities performed as a Trustee from those activities performed as counsel for the Trustee. When confronted with this concern at hearing, the Trustee described the efforts his office takes to separate those duties when recording time entries that will be used later to support either a fee application as counsel for the trustee as opposed to time spent to support the Trustee's commission in a Chapter 7 case. (See Trustee's testimony in the Transcript dated May 4, 2017 at pages 15-18.)(Doc. #163). The explanation as to how counsel relegated the services into one that would normally be provided by counsel for the Trustee compared to those that would normally be conducted by the Trustee himself, satisfies the Court that the efforts made by counsel did distinguish clearly between the Trustee's administrative duties and legal services by counsel.

In tandem with my review of the specific type of services entered in the time entries in this application, I also reviewed the services under the dictates of 11 U.S.C. § 330 (Compensation of officers) together with the requirements of Local Bankruptcy Rule 2016. While I did find a degree of lumping of services in certain time entries, I find the time entries substantially conform to the requirements of the Local Bankruptcy Rule. I further find the services performed by counsel for the Trustee were reasonable, actual, and necessary and, therefore, are in compliance with the requirements of the Bankruptcy Code under 11 U.S.C. § 330.

Finally, it is important to comment that while there was some substance to the objections made by the Debtor concerning several entries outlining services rendered by counsel, such as the lumping of services and some services being rendered prior to counsel's appointment, I note

that counsel for the Trustee discounted the total services rendered by an amount exceeding $1,000.00. The impact this write-off has further convinces the Court that the fee application filed by counsel for the Trustee sufficiently meets all of the requirements of 11 U.S.C. § 330 and Local Bankruptcy Rule 2016.

My Order will follow.

By the Court,

Date: October 20, 2017

John J. Thomas, Bankruptcy Judge
(CMP)